FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 AUG -1  PM 3: 28

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NAK KIM CHHOEUM, | * | CIVIL ACTION |
| Plaintiff, | * | NUMBER: 03-1386 |
| v. | * | SECTION:  "J"  (4) |
| JOHN ASHCROFT, ATTORNEY | * | |
| GENERAL AND IMMIGRATION | | |
| AND NATURALIZATION SERVICE, | * | |
| ET AL. | | |
| | * | |
| Defendants. | *   *   * | |

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

**NOW INTO COURT,** comes the United States Of America, through the undersigned Assistant United States Attorney, and for answer to the writ of application of the petitioner, submits the following:

### FACTS

Petitioner, Nak Kim Chhoeum, is a twenty eight year old male native and citizen of Cambodia. The Immigration and Naturalization Service (INS) (now the Department of Homeland Security, DHS) conditionally admitted him in to the United States, as a refugee pursuant to § 207 of the Immigration and Nationality Act of 1952, as amended (the Act). On January 10, 1984 his status was adjusted

-1-

Fee
Process
X  Dktd
CtRmDep
Doc. No 5

to that of legal permanent resident.

On February 11, 1999, petitioner was convicted of the offenses of Carrying Firearms on Public Street or Public Property, to wit: a semi-automatic handgun in violation of Pennsylvania States Criminal Code, § 6108; Simple Assault, in violation of Criminal Code § 903. (Government Exhibit A) Petitioner was sentenced to imprisonment for 1 and 2 years.

On March 8, 2001, Petitioner was convicted of the offense of Conspiracy, in violation of Pennsylvania Criminal Code § 903. (Government Exhibit B). The petitioner was sentenced to imprisonment for the period of time served to 5 years. On April 17, 2001, the sentence was amended to 10 years of reporting probation.

The INS failed a detainer to receive custody of the petitioner and on April 26, 2001, removal proceedings were commenced against the petitioner with the filing of an I-862, <u>Notice to Appear</u>. (Government Exhibit C). The I-862 charged the petitioner with removability pursuant to sections 237 (a)(2)(C) of the Act, in that he has been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry in violation of any law, any weapon, part, or accessory which is a firearm or destructive device; 237(a)(2)(A)(iii) of the Act, in that he is an

-2-

alien who at any time after admission has been convicted of an
Aggravated Felony, as defined in § 101(a)(43)(F) of the Act, to
wit: a crime of violence; and 237(a)(2)(A) (iii), in that he is an
alien who at any time after admission has been convicted of an
Aggravated Felony, as defined in § 101 (a)(43)(U)of the Act, to
wit: attempt or conspiracy to commit an Aggravated Felony.

At a hearing before an Immigration Judge in York, Pennsylvania
the respondent appeared with counsel, Thair Mella, Esquire.   The
issue of removability having been found through earlier hearings,
the petitioner applied for relief from deportation in the form of
Asylum, Withholding of the removal under § 241(b)(3) of the Act,
Cancellation of removal under § 240A(a) of the Act, and Withholding
of Removal under Article III of the Convention Against Torture.   At
the hearing held on December 16, 2002, the Immigration Judge denied
all of the petitioner's applications for relief and order the
petitioner removed from the United States to the country of
Kampuchea (Cambodia).   (Government Exhibit D).

The petitioner reserved appeal from the Immigration Judge's
decision and on January 14, 2003 filed an appeal to the Board of
Immigration Appeals (BIA) alleging that the Judge erred in finding
that petitioner's criminal convictions constitute aggravated
felonies and in denying relief.   (Government Exhibit E).   On May
29, 2003, the BIA issued a decision upholding the Immigration
Judges order, on that day it became a final order.   (Government

-3-

Exhibit F).

On June 26, 2003, the Interim Field Office Director of the Bureau of Immigration and Customs Enforcement (ICE) requested travel documents from the Consul General of the Royal Embassy of Cambodia, to date there is no reason to believe that these will not be issued. (Government Exhibit G).

**Applicable Law**

**I.  Summary of the Law Government Repatriation Likelihood and Custody Review.**

The authority to detain criminal aliens after the issuance of a final removal order is section 241(a) of the INA, 8 U.S.C. § 1231 (a).  Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal.[1]  See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231 (a)(1) (A)-(B).  During this period, Congress has mandated detention of the criminal alien ordered removed.  See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("Under no circumstances during the removal period shall

---

[1]/   8 U.S.C. § 1231(a)(1)(B) provides:

The removal period begins on the latest of the following:
(i)   The date the order of removal becomes administratively final;
(ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or
(iii) If the alien id detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2) [relating to criminal grounds or removability] . . . of this title.").

To comply with the Supreme Court's ruling, the Attorney General promulgated regulations governing custody review of aliens who have been in detention for more than six months after the issuance of a final removal order. See "Continued Detention for Aliens Subject to Final Orders of Removal." 66 Fed. Reg. 56967 (November 14, 2001) (now codified at 8 C.F.R. Pts 3 and 241). Under the new regulations, a detainee who has been in post-removal order custody for more than six months may request the INS for release on the asserted ground that there is no significant likelihood of repatriation in the reasonable foreseeable future. The request must include:

(d) Showing by the alien.
(1) Written request. An alien may submit a written request for release to the [Headquarters Post-Order Detention Unit ("HQPDU")] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.

(2) Compliance and cooperation with removal efforts. The alien shall include with the written request information sufficient to establish his or her compliance with the obligation to effect his or her removal and to cooperate in the process of obtaining necessary travel documents.

8 C.F.R. § 241.13(d).

In reviewing the request for release, the INS is required to consider the history of the alien's efforts to comply with the order of removal. The INS also must consider the history of the efforts by the INS to repatriate persons to the country in question, the reasonably foreseeable results of those efforts, and the receiving country's willingness to accept repatriation. In addition, the INS may also seek an opinion from the United States Department of State. 8 C.F.R. § 241.13(f).

**Argument**

**I.    The Court Should Uphold the Continued Detention of the Petitioner**

> **The Petitioner is still in the 90-day Removal Period and Therefore may not be Released.**

The evidence in the record demonstrates that the petitioner's order of removal from the United States became final on May 29, 2003, the date of the decision of the Board of Immigration Appeals. From the date the 90-day removal period ends on August 27, 2003. During this period, Congress has mandated detention of criminal aliens ordered removal. Due to the aliens assorted criminal and immigration violations it may be necessary to continue to detain the petitioner beyond the removal period. "An alien ordered removed who is . . . removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order or removal, may be detained beyond the removal period

and, if released, shall be subject to the terms of supervision in paragraph (3)." INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

## CONCLUSION

For the reasons stated herein the respondents respectfully ask the court to deny the Petition for a Writ of Habeas Corpus.

Respectfully submitted

JIM LETTEN
UNTIED STATES ATTORNEY

_____
KATHRYN W. BECNEL (23641)
Assistant United States Attorney
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504)680-3025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record in this proceeding by placing the same in the United States Mail, properly addressed and postage prepaid, this 1st day of August, 2003.

_____
KATHRYN W. BECNEL
Assistant United States Attorney

# In the Common Pleas Court of Philadelphia

☐ **MUNICIPAL COURT**

☐ FAMILY COURT DIVISION                    ☒ TRIAL DIV., CRIMINAL SECTION

COMMONWEALTH                                        JUNE_____Term, 19 98

                        vs.                          No. _____ 1073 _____

                                        Sur Charge

KIM NAK CHHOEUN

*I CERTIFY* the foregoing to be a true and correct copy of the whole Record, in the case above stated, as full, entire and complete as the same now remains of Record in this office.

*IN TESTIMONY WHEREOF,* I have hereunto set my hand and affixed the seal of the said Court

this            9            day of        OCTOBER                    A.D.,        2001

*Lopez F. Jones*

                                                                    _____
                                                                    **Clerk of Courts**

6-204 (Rev. 12/79)

**GOVERNMENT EXHIBIT**

A

COMMONWEALTH VS.

| | | |
|---|---|---|
| **RECORD CON. NO** | **NAME, A/K/A, ADDRESS, ZIP CODE** KIM NAK CHHOEUN 5407 CLARIDGE ST PHILA. PA 19124 OTN# M8709055 | **YEAR, TERM & NO** 9806 1073 1/1 |
| **POLICE PHOTO NO.** 847742 | | **THIS CASE INVOLVES NOS.** CHARGE 4 TO 9 |

**STATUS OF DEFENDANT**

| | | **PLACE OF PRELIM. HEARING** | **ISSUING AUTH.** BRUNO 057 |
|---|---|---|---|
| Bail Set $ 08000 | Bail Made $ | **DT. OF INCIDENT** 7/10/97 | **BIRTH DATE** 6/06/75 | **SEX** M 1 | **RACE** 0 | **D.C. NO.** 9804024822 |
| Surety Name & Address | | **ATTY. CD.** 00001 | **M. C. CASE NO.** 9805 5143 1/1 | **COMPLAINT DT.** 6/07/98 | **DT PREL. HEARING** 6/24/98 |
| **DISM.** | **BILL NO.** | **DATE** 7/02/98 | **DATE OF ARRAIGN** 7/15/98 | **POL. SURG.** RM. 504 |

**CHARGE CODES & CHARGES**
CCS1080 — CARRYING FIREARMS ON PUBLIC STREETS OR PUBLIC PR
6108 M1

| **PRE-TRIAL/ TRIAL** | **WAIVER/JURY** Open Guilty Plea | | |
|---|---|---|---|
| **DATE** Feb 11, 1999 | **ROOM** 408 | **COURT STENO** Lois Oslene | **COURT CLERK** Costentene |
| **JUDGE** Patricia McInerney | **ADA** Joseph (B)uican | **COUNSEL** George Pajano Esg | |

**PLEA**

Kim Chhoeun                Plea i Guilty Plea
Accepted. Defendant Sentenced from
one(1) to two(2) years. Credit for time
served. Pay court costs of $134/ State
Parole to collect. This Sentence is to
run concurrently with any sentence
defendant is now serving      By the Court,
                                        McIn...

| **VERDICT** | | **DATE** |
|---|---|---|

_____
Judge

**SENTENCE**

| **DATE** | **ROOM** | **COURT STENO** | **COURT CLERK** |
|---|---|---|---|
| **JUDGE** | **ADA** | **COUNSEL** | |

COMMONWEALTH OF PENNSYLVANIA

In the Common Pleas Court of the County of Philadelphia

COUNTY OF PHILADELPHIA     ss.     9806 1073 1/1     4     CRIMINAL SECTION
9

THE DISTRICT ATTORNEY OF PHILADELPHIA BY THIS INFORMATION CHARGES THAT
ON OR ABOUT   7/10/97 IN PHILADELPHIA,
                         KIM NAK CHHOEUN

CARRIED A FIREARM, RIFLE, OR SHOTGUN AT ANY TIME UPON THE PUBLIC STREETS OR
UPON PUBLIC PROPERTY IN A CITY OF THE FIRST CLASS

NO. OF COUNTS -    1

18 PA.C.S. 6108.

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

| 7/02/98 | DISTRICT ATTORNEY<br>LYNNE ABRAHAM | ASSISTANT DISTRICT ATTORNEY<br>WILLIAM HEIMAN | APPROVED |

30-9 JA (Rev. 5/81)

| RECORD CON. NO | NAME, A/K/A, ADDRESS, ZIP CODE | | YEAR, TERM & NO. |
|---|---|---|---|
| | KIM NAK CHHOEUN | | 9806 1073 1/1 |
| POLICE PHOTO NO. 847742 | 5407 CLARIDGE ST___ OTN# M8708055 PHILA. PA 19124 | | THIS CASE INVOLVES NOS. CHARGE 7 TO 9 |

**STATUS OF DEFENDANT**

| | | PLACE OF PRELIM. HEARING | ISSUING AUTH. BRUNO 057 |
|---|---|---|---|

| Bail Set $ 08000 | Bail Made $ | DT. OF INCIDENT 7/10/97 | BIRTH DATE 6/06/75 | SEX M 1 | RACE 0 | D. C. NO. 9804024822 |
|---|---|---|---|---|---|---|
| Surety Name & Address | | ATTY CD 00001 | M. C. CASE NO. 9806 5148 1/1 | COMPLAINT DT 6/07/98 | | DT. PREL. HEARING 6/24/98 |

| DISM. | BILL NO. | DATE 7/02/98 | DATE OF ARRAIGN 7/15/98 | POL. SURG. RM. 504 |
|---|---|---|---|---|

| CHARGE CODES & CHARGES |
|---|
| CC27010 - SIMPLE ASSAULT 2701 M2 |

| PRE-TRIAL/ TRIAL | WAIVER/JURY Open Guilty Plea |
|---|---|
| DATE Feb 11-1999 | ROOM 1106 | COURT STENO Lois Colone | COURT CLERK Len Gatward |
| JUDGE Merill McHenry Joseph Erlican | ADA Gregory Pagano Es | COUNSEL |

PLEA

Kim Chhoeun plead Guilty. Plea
Accepted. Sentenced from 1 to 2
years to run Concurrent with
bill #4. No further Cost imposed
By the Court.

Merill J.

| VERDICT | | | DATE |
|---|---|---|---|
| | | | |

Judge

**SENTENCE**

| DATE | ROOM | COURT STENO | COURT CLERK |
|---|---|---|---|
| JUDGE | ADA | COUNSEL | |

WITNESSES

COMMONWEALTH OF PENNSYLVANIA          In the Common Pleas Court of the County of Philadelphi
COUNTY OF PHILADELPHIA          ss     9806 1073 1/1        7     CRIMINAL SECTION
                                                                 9

THE DISTRICT ATTORNEY OF PHILADELPHIA BY THIS INFORMATION CHARGES THAT
ON OR ABOUT   7/10/97 IN PHILADELPHIA,
                   KIM NAK CHHOEUN

  1. ATTEMPTED TO CAUSE OR INTENTIONALLY, KNOWINGLY OR RECKLESSLY DID CAUSE
BODILY INJURY TO ANOTHER

  2. ATTEMPTED BY PHYSICAL MENACE TO PUT ANOTHER IN FEAR OF IMMINENT SERIOUS
BODILY INJURY

VICTIM-SAMNANG SUN

WEAPON-HANDGUN

NO. OF COUNTS -    1

18 PA.C.S. 2701(A).

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

| 7/02/98 | DISTRICT ATTORNEY LYNNE ABRAHAM | ASSISTANT DISTRICT ATTORNEY WILLIAM HEIMAN | APPROVED |

30-9 LA (Rev. 5/81)

COMMONWEALTH VS.

| RECORD CON. NO. | NAME, A/K/A. ADDRESS, ZIP CODE | | YEAR, TERM & NO. |
|---|---|---|---|
| | KIM NAK CHHOEUN | | 9806 1073 1/1 |
| POLICE PHOTO NO. 847742 | 5407 CLARIDGE ST PHILA. PA 19124 | CTN# M8708055 | THIS CASE INVOLVES NOS CHARGE 9 TO 9 |

| STATUS OF DEFENDANT | | PLACE OF PRELIM. HEARING | ISSUING AUTH. |
|---|---|---|---|
| Bail Set $ 08000 Bail Made $ | | | BRUNO 057 |
| Surety Name & Address | DT. OF INCIDENT 7/10/97 | BIRTH DATE 6/06/75 | SEX M RACE 1 0 | D. C. NO. 9804024822 |

| DISM. | BILL NO. | DATE | ATTY CO. 00001 | M. C. CASE NO 9806 5148 1/1 | COMPLAINT DT. 6/07/98 | DT PREL. HEARING 6/24/98 |
|---|---|---|---|---|---|---|
| | ---- | 7/02/98 | DATE OF ARRAIGN. 7/15/98 | | POL. SURG. RM. 504 | |

CHARGE CODES & CHARGES
CC09030 - CRIMINAL CONSPIRACY
0903 F1

*Amended to M2 Jad* APA

| PRE-TRIAL/ TRIAL | WAIVER/JURY | *OPEN Guilty Plea* | | |
|---|---|---|---|---|
| DATE *Feb 11 1999* | ROOM *1108* | COURT CLERK *Lori Arlene* *Pete Satriell* | |
| JUDGE *Patricia McEnewe* | *Joseph Cadican* COUNSEL | *Gregory Pagano Esp* | |

PLEA

*Kim Chhoeun plead Guilty to Criminal Conspiracy as an M2. Plea accepted/ Sentence from 1 to 2 years tti when concurrent with Bill #7. No further costs imposed By the Court*

| VERDICT | DATE |
|---|---|
| | |

Judge

| SENTENCE | | | |
|---|---|---|---|
| DATE | ROOM | COURT STENO | COURT CLERK |
| JUDGE | ADA | COUNSEL | |

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA   ss   9806 1073 1/1   9

**In the Common Pleas Court of the County of Philadelphi**
CRIMINAL SECTION
C

THE DISTRICT ATTORNEY OF PHILADELPHIA BY THIS INFORMATION CHARGES THAT
ON OR ABOUT 7/16/97 IN PHILADELPHIA,
              KIM NAK CHHOEUN

WITH THE INTENT OF PROMOTING OR FACILITATING THE COMMISSION OF A CRIME

1. AGREED WITH ANOTHER PERSON OR PERSONS THAT THEY OR ONE OR MORE OF THEM
WOULD ENGAGE IN CONDUCT WHICH WOULD CONSTITUTE SUCH CRIME OR AN ATTEMPT OR
SOLICITATION TO COMMIT SUCH CRIME, AND COMMITTED, OR SUCH OTHER PERSON OR
PERSONS COMMITTED, AN OVERT ACT IN PURSUANCE OF SUCH AGREEMENT

2. AGREED TO AID SUCH OTHER PERSON OR PERSONS IN THE PLANNING OR
COMMISSION OR SUCH CRIME OR IN AN ATTEMPT OR SOLICITATION TO COMMIT SUCH
CRIME AND COMMITTED, OR SUCH OTHER PERSON OR PERSONS COMMITTED, AN OVERT
ACT IN PURSUANCE OF SUCH AGREEMENT

CRIMINAL OBJECTIVE-ASSAULT

OVERT ACT-ALONG WITH OTHERS DID POINT A HANDGUN AT THE COMPLAINANT

NO. OF COUNTS -   1

18 PA.C.S. 903(A).

**All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.**

| 7/02/98 | DISTRICT ATTORNEY<br>LYNNE ABRAHAM | ASSISTANT DISTRICT ATTORNEY<br>WILLIAM HEIMAN | APPROVED |
|---|---|---|---|

30-99A (Rev. 5/81)

# In the Common Pleas Court of Philadelphia

☐ MUNICIPAL COURT

☐ FAMILY COURT DIVISION          ☒ TRIAL DIV., CRIMINAL SECTION

COMMONWEALTH

vs.

KIM CHHOEUN

JANUARY Term, 19 98

No. 0555 2/3

Sur Charge

*I CERTIFY* the foregoing to be a true and correct copy of the whole Record, in the case above stated, as full, entire and complete as the same now remains of Record in this office.

*IN TESTIMONY WHEREOF,* I have hereunto set my hand and affixed the seal of the said Court this 9 day of OCTOBER A.D., 2001

*Lopez J Jones*

*Clerk of Courts*

6-204 (Rev. 12/79)

GOVERNMENT EXHIBIT B

| COMMONWEALTH VS. | | | | | | |
|---|---|---|---|---|---|---|
| RECORD CON. NO | NAME, A/K/A / ESS, ZIP CODE | | OTN# M000000 | | YEAR, TERM & NO. 9801 0555 2/3 | |
| POLICE PHOTO NO. 847742 | KIM CH EUN 5407 CLARIDGE ST PHILA. PA 19124 | | | | THIS CASE INVOLVES NOS. CHARGE 1 TO 36 | |

| STATUS OF DEFENDANT | | PLACE OF PRELIM. HEARING 0013 CTR. B, 1801 VI | | ISSUING AUTH. RANSOM | | 410 |
|---|---|---|---|---|---|---|
| Bail Set $ 05000 | Bail Made $ | DT. OF INCIDENT 8/14/97 | BIRTH DATE 6/06/75 | SEX M | RACE O 1 | D.C. NO. 9735090118 |
| Surety Name & Address SURETY CODE 07 | | ATTY. CD | M. C CASE NO. 9709 3476 1/1 | COMPLAINT DT. 9/23/97 | | DT. PREL. HEARING 1/13/98 |
| DISM. | BILL NO. | DATE 1/26/98 | DATE OF ARRAIGN. 2/03/98 | POL. SURG RM. 504 | | |

CHARGE CODES & CHARGES    CC27020  - AGGRAVATED ASSAULT
2702      F1

| PRE-TRIAL/ TRIAL | WAIVER / JURY | | | |
|---|---|---|---|---|
| DATE NOV 30, 1998 | ROOM 1005 | COURT STENO Lois Arlene | COURT CLERK Lela Spotwood | |

130 Patricia Malhoney J Coolican & Pagano
Jury Selection Started 130 Ended 410
12/1
30 Jury Sworn Defendant formally
arraigned entered plea of Not Guilty
opening statements; Trial began
2/2- Trial End Closing Arguments
heard Jury Charge and started
deliberation Jury Still deliberation.

VERDICT
deliberation ended at 130
returned with a verdict of
not Guilty.
By the Court
P. Mc...

12/30/98  Rm 1005
Hon Patricia McGinney
ADA Joseph Coolican
Atty Gregory Pagano
Steno- Lois Arlene
Clk Lela Spotwood
1) motion for Line-up
heard and denied
2) motion to eliminate
physical evidence -
Granted as to out
of court evidence
3) motion to eliminate
Physical Evidence -
Photos from Car
Statements granted
By the Court
P. Mc...

| SENTENCE | | | |
|---|---|---|---|
| DATE | ROOM | COURT STENO | COURT CLERK |
| JUDGE | ADA | COUNSEL | |

01 008093
01 005442
02 002335

WITNESSES

COMMONWEALTH OF PENNSYLVANIA                    In the Common Pleas Court of the County of Philadelph

COUNTY OF PHILADELPHIA      ss.    9801 0555 2/3        1    CRIMINAL SECTION

THE DISTRICT ATTORNEY OF PHILADELPHIA BY THIS INFORMATION CHARGES THAT
ON OR ABOUT   8/14/97 IN PHILADELPHIA,
                KIM CHHOEUN

1. ATTEMPTED TO CAUSE SERIOUS BODILY INJURY TO ANOTHER, OR CAUSED SUCH
INJURY INTENTIONALLY, KNOWINGLY OR RECKLESSLY UNDER CIRCUMSTANCES
MANIFESTING EXTREME INDIFFERENCE TO THE VALUE OF HUMAN LIFE

2. ATTEMPTED TO CAUSE OR INTENTIONALLY OR KNOWINGLY CAUSED BODILY INJURY
TO ANOTHER WITH A DEADLY WEAPON

3. NOTICE IS HEREBY GIVEN THAT SHOULD THE DEFENDANT BE CONVICTED OF
AGGRAVATED ASSAULT AS DEFINED IN 18 PA.C.S. 2702(A)(1) OR ATTEMPT TO COMMIT
SAME, THE COMMONWEALTH WILL PROCEED UNDER 42 PA.C.S. 9712 (CONCERNING
SENTENCES FOR OFFENSES COMMITTED WITH FIREARMS) AND SEEK IMPOSITION OF A
MANDATORY SENTENCE IN ACCORDANCE THEREWITH

VICTIM-SARAT HIEV

DEADLY WEAPON-HANDGUN

NO. OF COUNTS -    1

18 PA.C.S. 2702(A).

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

1/26/98                    LYNNE ABRAHAM              WILLIAM HEITMAN      APPROVED

30-91A (Rev. 5/81)

31

<table>
<tr><td colspan="4">COMMONWEALTH VS.</td><td colspan="2">YEAR, TERM & NO</td></tr>
<tr><td>RECORD GON. NO.</td><td colspan="3">NAME, A/K/A, ADDRESS, ZIP CODE<br>KIM CHHUEUN<br>5407 CLARIDGE ST<br>PHILA. PA 19124</td><td>OTN# M0000000</td><td>9801 0555 2/3</td></tr>
</table>

| POLICE PHOTO NO. 847742 | | | | CHARGE 9 TO 36 THIS CASE INVOLVES NOS |

**STATUS OF DEFENDANT**

| PLACE OF PRELIM. HEARING 0013 CTR. B. 1801 VI | ISSUING AUTH. RANSOM 410 |

| Bail Set $ 05000 | Bail Made $ | DT. OF INCIDENT 8/14/97 | BIRTH DATE 6/06/75 | SEX M | RACE 0 1 | D.C. NO 9735090118 |

| Surety Name & Address SURETY CODE 07 | ATTY. CD | M. CASE NO 9709 3476 1/1 | COMPLAINT DT 9/23/97 | DT PREL. HEARING 1/13/98 |

| DISM | BILL NO. | DATE 1/26/98 | DATE OF ARRAIGN 2/03/98 | RM. 504 | POL SURG |

CHARGE CODES & CHARGES
CC09030 - CRIMINAL CONSPIRACY
0903        F1

---

**PRE-TRIAL/ TRIAL** | WAIVER/JURY

DATE Nov 30, 1998 | ROOM 1005 | COURT STENO L'Arlene | COURT CLERK Lela Spottevilla

JUDGE Patricia McInerney | ADA J. Coolicun | COUNSEL G. Pagno | 2/3/98 Rm 1001

PLEA

Waived formal arraignment. Plead not Guilty Adjudged Guilty Presentence and mental Health report ordered. Sentence deferred till 1-29-99 Rm 10 05. Bail revoked.
By the Court,
P. McIn

Motion heard for disposition See bill 1
P. McIn

---

**VERDICT**

8-8-2000 - judgment of sentence vacated & remanded for a new trial

11-20-00 - Record returned to CCP
Deft. in Person OW2689

| | DATE |

| | Judge |

---

**SENTENCE**

DATE Feb 11, 1999 | ROOM 1108 | COURT STENO Lois Arlene | COURT CLERK Lela Spottswell

JUDGE Patricia McInerney | ADA Joseph Coolicun | COUNSEL Gregory J Pagano Esq

Sentenced from no less than five (5) years to no more than ten (10) years with five (5) years probation to follow. State Parole to Pay Court Costs 9/11/945?. State Parole to collect. Credit for time served.
By The Court,
P. McIn

THE DISTRICT ATTORNEY OF PHILADELPHIA BY THIS INFORMATION CHARGES THAT
ON OR ABOUT   8/14/97 IN PHILADELPHIA,
                KIM CHHOEUN

WITH THE INTENT OF PROMOTING OR FACILITATING THE COMMISSION OF A CRIME

   1. AGREED WITH ANOTHER PERSON OR PERSONS THAT THEY OR ONE OR MORE OF THEM
WOULD ENGAGE IN CONDUCT WHICH WOULD CONSTITUTE SUCH CRIME OR AN ATTEMPT OR
SOLICITATION TO COMMIT SUCH CRIME, AND COMMITTED, OR SUCH OTHER PERSON OR
PERSONS COMMITTED, AN OVERT ACT IN PURSUANCE OF SUCH AGREEMENT

CO-CONSPIRATORS-CHALLY DANG AND KEO LUNDY

CRIMINAL OBJECTIVE-MURDER

OVERT ACT-IN CONCERT WITH OTHERS DID FIRE SEVERAL SHOTS AT THE COMPLAINANT,

'-' SARAT HIEV

NO. OF COUNTS -    1

18 PA.C.S. 903(A).

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

| 1/26/98 | DISTRICT ATTORNEY LYNNE ABRAHAM | ASSISTANT DISTRICT ATTORNEY WILLIAM HEIMAN | APPROVED |

30-91A (Rev. 5/81)

#0

| COMMONWEALTH VS. | Kim Chhoeun |
|---|---|

NAME, A/K/A, ADDRESS, ZIP CODE

PP#847742

SUPPLEMENT TO:
INDICTMENT NO.

TERM A NO.
CP98 Jan-0555 2/3
THIS CASE INVOLVES NOS.
CP
TO 36

| STATUS OF DEFENDANT | DOCKET IN CHRONOLOGICAL ORDER |
|---|---|
| | (List Charge No. and follow with sentence – signed & dated by Judge) |

### PROCEEDING

| DATE 4-17-01 | TYPE | COURTROOM 604 |
|---|---|---|
| COURT CLERK S. Robinson | COURT STENO. S German | |
| ADA | DEF. COUNSEL | |
| CONT. CODE | CONT. TO RM. | ON (Date) |

- [ ] B.W. ISSUED
- [ ] B.W. WITHDRAWN
- [ ] SAME BAIL
- [ ] BAIL SUED OUT
- [ ] NEW BAIL
- $ _____

### PROCEEDING

| DATE | TYPE | COURTROOM |
|---|---|---|
| COURT CLERK | COURT STENO. | |
| ADA | DEF. COUNSEL | |
| CONT. CODE | CONT. TO RM. | ON (Date) |

- [ ] B.W. ISSUED
- [ ] B.W. WITHDRAWN
- [ ] SAME BAIL
- [ ] BAIL SUED OUT
- [ ] NEW BAIL
- $ _____

### PROCEEDING

| DATE | TYPE | COURTROOM |
|---|---|---|
| COURT CLERK | COURT STENO. | |
| ADA | DEF. COUNSEL | |
| CONT. CODE | CONT. TO RM. | ON (Date) |

- [ ] B.W. ISSUED
- [ ] B.W. WITHDRAWN
- [ ] SAME BAIL
- [ ] BAIL SUED OUT
- [ ] NEW BAIL
- $ _____

Hon James J Fitzgerald
April 17, 2001 Rm 604
Charge: Crim Conspiracy

Defendant placed on
ten (10) years reporting
probation. To be
immediately released
Conditions: Defendant not
to have any contact
with gang members
or anyone associated
with this case

By The Court
James J Fitzgerald J

6-288A

90

COMMONWEALTH VS.

| NAME, A/K/A, ADDRESS, ZIP CODE |
|---|
| Kim CHHOEURN |
| PP 847742 |

SUPPLEMENT TO:
INDICTMENT NO.

YEAR, TERM & NO.
CP 9801-0555 2/2
THIS CASE INVOLVES NOS.
TO

## STATUS OF DEFENDANT

### PROCEEDING

| DATE 3/8/2001 | TYPE Robert | COURTROOM 604 |
|---|---|---|
| COURT CLERK L. Burton, Steno | | COURT STENO SHAKca |
| ADA Joseph Coolihan | | DEF. COUNSEL Gregory PAGANO |
| CONT. CODE | CONT. TO RM. | ON (Date) |

- [ ] B.W. ISSUED
- [ ] B.W. WITHDRAWN
- [ ] SAME BAIL
- [ ] BAIL SUED OUT
- [ ] NEW BAIL
- $ _____

### PROCEEDING

| DATE | TYPE | COURTROOM |
|---|---|---|
| COURT CLERK | | COURT STENO |
| ADA | | DEF. COUNSEL |
| CONT. CODE | CONT. TO RM. | ON (Date) |

- [ ] B.W. ISSUED
- [ ] B.W. WITHDRAWN
- [ ] SAME BAIL
- [ ] BAIL SUED OUT
- [ ] NEW BAIL
- $ _____

### PROCEEDING

| DATE | TYPE | COURTROOM |
|---|---|---|
| COURT CLERK | | COURT STENO |
| ADA | | DEF. COUNSEL |
| CONT. CODE | CONT. TO RM. | ON (Date) |

- [ ] B.W. ISSUED
- [ ] B.W. WITHDRAWN
- [ ] SAME BAIL
- [ ] BAIL SUED OUT
- [ ] NEW BAIL
- $ _____

## DOCKET IN CHRONOLOGICAL ORDER
(List Charge No. and follow with sentence – signed & dated by Judge)

Hon James Fitzgerald

3/8/2001                          12-60

CBE: Crim Consp. F1
(Bill # 9) -NEG PLEA

I plead Guilty to the
Above charge.
Kim Chhoeurn      dft
PLEA Accepted
Re-Sentenced to time into (5)
Five years SCI-Graterford.
Five (5) years reporting probation
consecutive. Credit time
served. Sentence to run
concurrent with any other
sentence. Immediate
Parole. Pay $ 206.00 Court
Cost (& $ 40.00 Victim's
Compensation fund payable first.
By the Court
James Fitzgerald   J

6-288A

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A025 183 587**
**Case No: PHI0103000123**

In the Matter of:

Respondent: **Nak Kim CHHOEUN AKA: , PP# 847742**                          currently residing at:

~~(name) (street) (city)~~ *1341 S. 17th ST.*            *(215) 271-3709*
~~PHILADELPHIA PENNSYLVANIA (ZIP)~~ *PHILA PA 19146*      ~~(215) 271-3709~~
(Number, street, city state and ZIP code)                 (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____

_____
(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set**      at **a time to be set** to show why you should not be removed from the United States based on the
   (Date)                        (Time)
charge(s) set forth above.

DANIEL G. HENKEL
ACTING ADDI
_____
(Signature and Title of Issuing Officer)

Date: **April 26, 2001**                    **Philadelphia, Pa**
_____                            _____
                                             (City and State)

See reverse for important information

GOVERNMENT
EXHIBIT
C

Form I-862 (Rev. 4-1-97)

## Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.


_____
(Signature of Respondent)

Before:

Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____, in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:


☐ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail


☐ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.


_____          _____
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form    **I-862**

| Alien's Name | File Number | Date |
|---|---|---|
| **Nak Kim CHHOEUN** | **Case No: PHI0103000123**<br>**A025 183 587** | **April 26, 2001** |

**The Service alleges that you:**

1) _You are not a citizen or national of the United States;
2) You are a native of KAMPUCHEA and a citizen of KAMPUCHEA;
3) You were admitted to the United States at San Francisco, CA on or about   June 11, 1981 as a REFUGEE;
4) Your status was adjusted to that of lawful permanent resident on January 10, 1984;
5) You were, on February 11, 1999, convicted in the Common Pleas Court at Philadelphia for the offense of Carrying Firearms on Public Streets or Public Property, to wit: a semi-automatic handgun, in violation of Pennsylvania State Criminal Code, Section 6108, and the offense of Simple Assault, in violation of Pennsylvania State Criminal Code, Section 2701, and the offense of Criminal Conspiracy to Commit Assault, in violation of Pennsylvania State Criminal Code, Section 903;
6) You were sentenced to a term of imprisonment of 1 to 2 years.
7) You were, on March 8, 2001 convicted in the Common Pleas Court at Philadelphia for the offense of Criminal Conspiracy to commit Murder and Aggravated Assault, in violation of Pennsylvania State Criminal Codes, Section 903.
8) On March 8, 2001, you were sentenced to a term of imprisonment of time served to 5 years, and on April 17, 2001 you were re-sentenced to 10 years reporting probation.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(C) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in Section 921(a) of Title 18, United States Code.


Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

| Signature | Title |
|---|---|
| **DANIEL G. HENKEL** | **ACTING ADDI** |

<u>  3  </u> of <u>  4  </u> Pages

Form I-831 Continuation Page (Rev. 6/12/92)

| Alien's Name | File Number | Date |
|---|---|---|
| **Nak Kim CHHOEUN** | Case No: PHI0103000123<br>A025 183 587 | **April 26, 2001** |

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act.

| Signature | Title |
|---|---|
| DANIEL G. HENKEL | **ACTING ADDI** |

____4____ of ___4___ Pages

# Warrant for Arrest of Alien

Case No: PHI0103000123

File No. A025 183 587

Date: ~~March 14, 2001~~

4-26-01

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

Nak Kim CHHOEUN AKA: , PP# 847742
(Full name of alien)

an alien who entered the United States at or near San Francisco, CA on
(Port)

June 11, 1981 is within the country in violation of the immigration laws and is
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____
(Signature of authorized INS official)

~~KEVIN F. O'NEIL~~    Daniel Henkel
(Print name of official)

ACTING ADDI
(Title)

---

## Certificate of Service

Served by me at _USINS_ on _9/6/02_ at _1100HRS_ .
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

SA _____
(Signature of officer serving warrant)

SPECIAL AGENT
(Title of officer serving warrant)

GOVERNMENT
EXHIBIT
D

Form I-200 (Rev 4-1-97)N

U.S. Department of Justice
Immigration and Naturalization Service

# Notice of Custody Determination

Nak Kim CHHOEUN   AKA: , PP# 847742

*1341 S. 17TH ST.*
*PHILA. PA 19146*

Case No: PHI0103000123
File No: A025 183 587
Date: 03/14/2001

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

- ☒ detained in the custody of this Service.
- ☐ released under bond in the amount of $_____.
- ☐ released on your own recognizance.

☐ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

~~KEVIN F. O'NEIL~~

*ALANSON E. THING*
_____
(Signature of authorized officer)

ACTING ADDI
_____
(Title of authorized officer)

1600 CALLOWHILL STREET, PHILADELPHIA, PA
19130
_____
(INS office location)

☒ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

*Kim Chhoeun*
_____
(Signature of respondent)

*8/6/02*
_____
(Date)

---

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge   ☐ District Director   ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
- ☐ No change - Original determination upheld.
- ☐ Detain in custody of this Service.
- ☐ Bond amount reset to _____
- ☐ Release-Order of Recognizance
- ☐ Release-Personal Recognizance
- ☐ Other: _____

_____
(Signature of officer)

[ ] Respondent's application for voluntary departure was ~~denied~~
    respondent was ordered removed to
    alternative to

[ ] Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to

[X] Respondent's application for asylum was ( )granted (X)denied
    ( )withdrawn.

[X] Respondent's application for withholding of removal was ( )granted
    (X)denied ( )withdrawn.

[X] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted (X)denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn.  If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn.  If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.

[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.

[X] Proceedings were terminated.

[X] Other:  _____Naturalization denied_____

    Date:  Dec 16, 2002

    Appeal:  Waived Reserved  Appeal Due By:

    _Deportation_                          _[signature]_
                                           GRACE A. SEASE
                                           Immigration Judge

            Jan 15, 2003

RYS

ALIEN NUMBER: 25-183-587                    ALIEN NAME: CHHOEUN, NAE PIN

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's ATT/REP  [ ] INS
DATE: 12/16/02    BY: COURT STAFF _____
        Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB #1105-0065
**Notice of Appeal to the Board of Immigration**
**Appeals of Decision of Immigration Judge**

| 1. | List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s): | For Official Use Only |
|---|---|---|
| | CHHOEUN      Nak Kim      A25-183-587 | |

> **!** **WARNING TO ALL APPLICANT(S)/RESPONDENT(S):** Names and
> **•** "A" Numbers of everyone appealing the order must be written in Item #1.

2. Applicant/Respondent is currently    ☒ DETAINED    ☐ NOT DETAINED.

3. Appeal from the Immigration Judge's decision dated    **12/16/2002**    .

4. **State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

> **!** **WARNING:** The failure to specify the factual or legal basis for the appeal may lead to sum-
> **•** mary dismissal without further notice, unless you give specific details in a timely, separate
> written brief or statement filed with the Board.

1. The Honorable Immigration Judge erred in finding that the Respondent's criminal convictions constitute an aggravated felony within the meaning of the Immigration and Nationality Act.
2. Francis v. Reno is authority for this proposition. This will be briefed later.
3. The issue on removability will be briefed later.
4. The Honorable Immigration Judge also erred in denying the Respondent's Application for Cancellation for Removal as a matter of discretion. Respondent has satisfied his burden of proof under Matter of Marin. He has had a residence of long duration in this country, since he was six years old (Respondent is now twenty-seven years old).
5. Respondent has significant and substantial community and family ties in the United States. As a matter of fact, he came to the United States in 1981 as a refugee along with his entire immediate family. He has no family in Cambodia.
6. Respondent had been continuously and gainfully employed in the United States since he was fourteen years old, and has been paying taxes since that time.
7. Respondent has had no prior or subsequent criminal record.
8. Respondent has shown a genuine rehabilitation while incarcerated. He has had no disciplinary problems, and he has been tutoring other inmates in an organized computer program to benefit other inmates.
9. Respondent has demonstrated that he will be a beneficial member of society if he is allowed to remain in the United States. His Pre-sentence Report, as well as his mental evaluation, indicated very favorable prognoses for the Respondent. This will be supplemented later.
10. Respondent has a fiancee, with whom he intends to establish a family in the United States. Respondent has job offers, at the very least from his former employer, should he be allowed to remain in the United States.
11. On the other hand, if Respondent were deported to Cambodia, that would also be a travesty of justice in many ways.
12. Firstly, Respondent is a stateless individual. The record of creation of lawful permanent residence which is in Tab D of the INS Offer of Evidence, Exhibit 2, indicates that the Respondent's nationality is "Stateless".
13. Respondent has never been issued a Cambodian passport, has never received any benefits from the Cambodian government, and in fact has repudiated that citizenship by being a refugee therefrom since he was three years old, when his parents brought him to Thailand after escaping from the Khmer Rouge.
14. Respondent has also demonstrated by his own testimony, which, it is respectfully pointed out, was never proven by the INS to the contrary, that he has met the term "refugee" according to the Act. As a matter of fact, Respondent is prima facie a refugee because he had been admitted as a refugee by the United States government in 1981.
15. He has also proven by his own testimony that it is more likely than not that he will suffer under one of the protected grounds if he were returned to Cambodia.
16. This will be briefed later.

(Attach more sheets if necessary)

**GOVERNMENT EXHIBIT**

**E**

Staple Check or Money Order Here.
Include your name(s) and "A" number(s)

**(Form continues on back)**
Form EOIR - 26
Revised April 1996

5.    I    ☐ do      desire oral argument before the Board of Immigration Appeals.

      ☒ do not

6.    I    ☒ will      file a separate written brief or statement in addition to the "Reason(s) for

      ☐ will not    Appeal" written above or accompanying this form.

> **WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

**SIGN HERE** ➡    7.   X   FoR TAHIR MELLA      01/14/03

                           Signature of Person Appealing        Date
                           *(or attorney or representative)*

8.    Mailing Address of Applicant(s)/Respondent(s)

CHHOEUN       Nak Kim

               (Name)

1341 S. 17th Street

           (Street Address)

         (Apartment or Room Number)

Philadelphia      PA      19146

         (City, State, Zip Code)

9.    Mailing Address of Attorney or Representative

Tahir Mella, Esquire
Law Offices of Tahir Mella

              (Name)

1822 Spring Garden Street

          (Street Address)

         (Suite or Room Number)

Philadelphia      PA   19130

         (City, State, Zip Code)

> **WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

## CERTIFICATE OF SERVICE
### (Must Be Completed)

10.

I   Tahir Mella, Esquire             mailed or delivered a copy of this notice of appeal

         (Name)

on _____ to   Jon Staples, Esquire, Office of the District Counsel

      (Date)                   (Opposing Party)

at   3400 Concord Road, York, PA 17402

           (Address of Opposing Party)

**SIGN HERE** ➡    X   FoR TAHIR MELLA

                       Signature of Person Appealing
                       *(or attorney or representative)*

### Have You?

☒ Read all of the General Instructions      ☒ Signed the form

☒ Provided all of the requested information      ☒ Served a copy of this form and all attachments on the opposing party

☒ Completed this form in English

☒ Provided a certified English translation for all non-English attachments      ☒ Completed and signed the Certificate of Service

                                       ☒ Attached the required fee or fee waiver request



**U.S. Department of Ju~~~e**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

MELLA, TAHIR, ESQUIRE
1822 SPRING GARDEN STREET,
PHILADELPHIA, PA 19130-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: CHHOEUN, NAK KIM                          A25-183-587

Date of this notice: 05/29/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Jeffrey Fratter*

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
BRENNAN, NOEL A.
FILPPU, LAURI S.
HESS, FRED

GOVERNMENT
EXHIBIT

F

MARTINEZ

File: A25 183 587 - York

Date: MAY 2 9 2003

In re: NAK KIM CHHOEUN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Tahir Mella, Esquire

CHARGE:

Notice: Sec. 237(a)(2)(C), I&N Act {8 U.S.C. § 1227(a)(2)(C)] -
Convicted of firearms or destructive device violation

Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony

APPLICATION: Asylum; withholding of removal; cancellation of removal; Protection under the
Convention Against Torture

In a decision dated October 30, 2002, the Immigration Judge below found the respondent removable as an alien convicted of an aggravated felony. On December 16, 2002, the Immigration Judge denied the respondent's applications for relief from removal, and ordered the respondent removed to Kampuchea. The respondent appealed, arguing, *inter alia*, that while he is removable under section 237(a)(2)(C) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1227(a)(2)(C), none of his convictions constitute an aggravated felony. The respondent also argued that he met his burden of withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3), as well as under the protection under the Convention against Torture. *See* 8 C.F.R. §§ 1208.16-18 (2003). We conclude that the respondent was properly found to have been convicted of an aggravated felony, and will also affirm the Immigration Judge's denial of withholding of removal. *See* 8 C.F.R. § 3.1(d)(3)(i) (2003) (requiring the Board not to engage in de novo review of facts determined by an Immigration Judge, but to review whether the findings of an Immigration Judge are "clearly erroneous."). *See also Matter of Burbano*, 20 I&N Dec. 872, 974 (BIA 1994) (noting that the adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision").

On February 11, 1999, the respondent was convicted of three crimes: (1) carrying firearms on public streets, in violation of 18 Pa.C.S.A. § 6108, (2) criminal conspiracy to commit assault, in violation of 18 Pa.C.S.A. § 903, and (3) simple assault, in violation of 18 Pa.C.S.A. § 2701 (Exh. 2). The respondent conceded the existence of these convictions, and that the first of the three

constituted a firearms offense under the Act. The Immigration Judge found that the respondent's simple assault conviction was a "crime of violence," and thus an aggravated felony under the Act. *See* section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (stating that aliens convicted of an aggravated felony are removable), and section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (providing that convictions for a "crime of violence" as defined under 18 U.S.C. § 16 are aggravated felonies).

The specific statute under which the respondent was convicted provides that:

A person is guilty of assault if he:
(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
(2) negligently causes bodily injury to another with a deadly weapon;
(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
(4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

18 Pa.C.S.A. § 2701.

Looking to the criminal complaint, the Immigration Judge observed that the respondent was charged with "attempt[ing] to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to another and attempted by physical menace to put another in fear of imminent serious bodily injury" (Exh. 2). *See* Decision of Immigration Judge dated October 30, 2002, at 2 (noting in addition that the complaint indicated the respondent used a handgun). The Immigration Judge concluded that the respondent had been convicted of portions of the statute which required force as an element of the offense. *See* 18 Pa.C.S.A. §§ 2701(1) and (3). Therefore, the Immigration Judge found that the respondent had committed a crime of violence under 18 U.S.C. § 16(a).

We find relevant our decision in *Matter of Martin*, 23 I&N Dec. 491, 494-95 (BIA 2002). In that case, we found a portion of a Connecticut statute regarding third-degree assault to constitute a crime of violence under 18 U.S.C. § 16(a). The Connecticut statute, like the instant Pennsylvania statute before us now, prohibited the intentional, reckless, or negligent[1] harm to another. However, in *Martin*, we specifically found in that case that the respondent there had *intentionally* caused physical injury to another. *See Martin, supra*, at 492-93. We also observed in dicta that the *reckless* application of physical force could not cause the intentional infliction of physical injury. *See Martin, supra*, at 495 n.4. While the statute before us prohibits intentional, knowing, and reckless injury to another, it does not indicate what level of mens rea or conduct the respondent employed. However, we do note, as did the Immigration Judge, that the respondent employed a handgun in the

---

[1] Like the instant Pennsylvania statute, the Connecticut statute considered negligent injury to another to be assault only if such injury was caused by means of a deadly weapon. *See Martin, supra*, at 492.

2

commission of his offense (Exh. 2). We therefore find that the respondent committed simple assault under 18 Pa.C.S.A. § 2701(a)(3) by "attempt[ing] by physical menace to put another in fear of imminent serious bodily injury." This conduct was specifically charged in the complaint against the respondent. *See* 8 C.F.R. § 1003.41 (2003) (providing that evidence of a criminal conviction may be proven by various documents, including "any document . . . prepared . . . under the direction of the court in which the conviction was entered that indicates the existence of the conviction"); *see also Matter of Rodriguez-Cortes*, 20 I&N Dec. 587, 588 (BIA 1992) (finding that an "information" is part of a "record of conviction"); *Matter of Short*, 20 I&N Dec. 136, 137-38 (BIA 1989) (defining a "record of conviction" to include the indictment, plea, verdict, and sentence) (internal citation omitted). The respondent's use of a handgun was not done with the reckless intent to put another in fear of imminent serious bodily injury. Rather, such use was intentional, and thus within the ambit of 18 U.S.C. § 16(a). *See Matter of Martin*, *supra*, at 494.

Finally, we also affirm the Immigration Judge's denial of withholding of removal for the reasons stated in her decision. *See* 8 C.F.R. § 3.1(d)(3)(i) (2003) (requiring the Board not to engage in de novo review of facts determined by an Immigration Judge, but to review whether the findings of an Immigration Judge are "clearly erroneous."). *See also Matter of Burbano, supra.*

Accordingly, the following order will be entered:

ORDER: The appeal is dismissed.

FOR THE BOARD

RE: CHHOEUN, NAK KIM

File: A25-183-587

---

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [✓] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [✓] INS
DATE: 6/4/03 _____ BY: COURT STAFF _____
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

C1

RYS



**U.S. Department of Homeland Security**
Bureau of Immigration and Customs Enforcement

701 Loyola Avenue, Room T-9024
New Orleans, Louisiana 70113

The Royal Embassy of Cambodia
1500 16th Street NW
Washington, DC 20013

JUN 2 6 2003

Re:  Mr. Nak Kim CHHOEUN
     A25 183 587

Dear Consul General:

Please accept this letter with enclosed documents as a formal request for a travel document on behalf of Mr. Nak Kim CHHOEUN, a native of Cambodia.

Mr. CHHOEUN entered the United States at San Francisco, CA, as a refugee on June 11, 1981. On May 29, 2003, Mr. CHHOEUN was afforded a hearing before an Immigration Judge to answer the charges on the attached Notice to Appear. As a result of this hearing, Mr. CHHOEUN was ordered removed from the United States to Cambodia.

The United States Bureau of Immigration and Customs Enforcement will return Mr. CHHOEUN to Cambodia upon receipt of a travel document. We will bear the full cost of the conveyance. If you have any questions or need any additional information please feel free to contact Deportation Assistant Sam Edwards at (504) 599-7815 or by fax (504) 589-2661.

Respectfully,

Craig S. Robinson
Interim Field Office Director / ICE

Encl:
(2) Photos
Information for Travel Document (I-217)
Notice to Appeal (I-862)
Warrant of Removal (I-205)
.IJ Order

GOVERNMENT
EXHIBIT

G

| DATE PREPARED | INFORMATION FOR TRAVEL DOCUMENT OR PASSPORT | FILE |
|---|---|---|
| 19JUN2003 | | A25 183 587 |

| 1. NAME | 2. SEX |
|---|---|
| CHHOEUN, Nak Kim | Male |

| 3. OTHER NAMES USED OR KNOWN BY | 4. CITIZENSHIP |
|---|---|
| — | Kampuchea |

| 5. DATE OF BIRTH | 6. PLACE OF BIRTH |
|---|---|
| 06/06/1975 | Battambang, Kampuchea |

| 7. HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION | MARKS OR SCARS |
|---|---|---|---|---|---|
| 70 | 140 | BRO | BLK | MED | N/A | -- |

| 8. NEAREST LARGE CITY TO PLACE OF BIRTH | 9. DISTANCE AND DIRECTION OF PLACE OF BIRTH FROM THIS LARGE CITY |
|---|---|
| Battambang, Kampuchea | N/A |

10. IF CITIZENSHIP IS DIFFERENT FROM COUNTRY OF BIRTH EXPLAIN, IF NATURALIZED IN ANY COUNTRY, SHOW DATE AND PLACE OF NATURALIZATION, CERTIFICATE NUMBER, AND STATE HOW CITIZENSHIP WAS ACQUIRED.

N/A

| 11. NAMES: LOCATIONS AND DATES (YEARS) OF ATTENDANCE OF FOREIGN SCHOOLS | 12. NAMES, EXACT LOCATIONS AND DATES (YEARS) OF ATTENDANCE OF FOREIGN CHURCHES INCLUDE DATE AND NATURE OF ANY RELIGIOUS CEREMONY WHICH MAY HAVE BEEN RECORDED. |
|---|---|
| N/A | N/A |

13. LAST PERMANENT RESIDENCE IN COUNTRY OF CITIZENSHIP *(Show dates of residence)*

Battambang, Kampuchea

14. ADDRESS IN COUNTRY OF LAST FOREIGN RESIDENCE *(Show dates of residence, and Immigration status there)*

| 15. PLACE OF ENTRY INTO UNITED STATES | DATE OF ENTRY INTO UNITED STATES |
|---|---|
| San Francisco, California | June 11, 1981 |

16 LIST DATE AND PLACE OF ISSUANCE AND NUMBER OF PASSPORT, BIRTH CERTIFICATE, BAPTISMAL CERTIFICATE OR DOCUMENT OF IDENTITY SPECIFY DATES OF MILITARY SERVICE, COUNTRY AND UNIT, RANK, SERIAL NUMBER, AND PLACES OF INDUCTION AND DISCHARGE

17. IN POSSESSION OF TRAVEL DOCUMENT OR PASSPORT AT TIME OF ENTRY: **[X]** YES [ ] NO. DESCRIBE DOCUMENT(S). IF SUBJECT DID NOT HAVE TRAVEL DOCUMENT OR PASSPORT AT TIME OF ENTRY, OR DOES NOT HAVE SUCH A DOCUMENT NOW, INDICATE WHETHER EVER OBTAINED ONE: [ ] YES [ ] NO. STATE HOW, WHEN, AND WHERE IT WAS OBTAINED: WHAT KIND OF DOCUMENT IT WAS, AND WHAT BECAME OF IT.

| 18. FATHER'S NAME | DATE OF BIRTH | PLACE OF BIRTH |
|---|---|---|
| Sakhan Chhoeun | N/A | Kampuchea |
| PRESENT ADDRESS | | |
| N/A | | |

| 19. MOTHER'S MAIDEN NAME | DATE OF BIRTH | PLACE OF BIRTH |
|---|---|---|
| Dam Ork | N/A | Kampuchea |
| PRESENT ADDRESS | | |
| N/A | | |

20. NAME, RELATIONSHIP, AND ADDRESSES OF RELATIVES ABROAD

N/A

21 PREVIOUSLY [ ] EXCLUDED [ ] DEPORTED [ ] REQUIRED TO DEPART FROM THE UNITED STATES
ON _____ VIA _____ TO _____
(Date)                 (Part)                 (Country)

22. INDICATE WHETHER ARRESTED, IN PRISON OR A PUBLIC INSTITUTION IN THE COUNTRY OF WHICH A NATIONAL, SUBJECT OR CITIZEN: [ ] Yes **[X]** NO IF SO, GIVE DATES AND PLACES.

23. NAME, NATIONALITY AND PRESENT ADDRESS OF SPOUSE, AND DATE AND PLACE OF MARRIAGE

N/A

24. NAMES, AGES, AND ADDRESSES OF ALL CHILDREN

N/A

25. IF NONCANADIAN DEPORTABLE TO CANADA, GIVE DATE AND PORT OF ARRIVAL IN CANADA, AND NAME OF VESSEL

N/A

Form I-217 (Rev. 3-30-77)Y UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service